UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF MICHIGAN- SOUTHERN DIVISION

JUAN WARE,

    Plaintiff

 -vs-                                        Case No.
                                                 Hon.

EQUIFAX INFORMATION SERVICES, LLC,
EXPERIAN INFORMATION SOLUTIONS, INC.,
TRANS UNION, LLC,
OCWEN LOAN SERVICING, LLC,
SELENE FINANCE, LP,

    Defendants

## COMPLAINT & JURY DEMAND

*Juan Ware states the following claims for relief:*

### Jurisdiction

1. All allegations and claims in this complaint stem from false and inaccurate credit reporting relating to Mr. Ware.

2. Mr. Ware brings this lawsuit under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

3. The claims presented under the FCRA present a federal question for purposes of 28 U.S.C. §1331.

### Parties

4. Juan Ware resides in Muskegon, Michigan.

5. Juan Ware is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq* ("FCRA") at §1681a(c).

1

6. The Defendants to this action are as follows:

    a. Equifax Information Services, LLC ("Equifax") is a credit reporting agency as contemplated by the Fair Credit Reporting Act, 15 U.S.C. 1681 *et seq.*

    b. Experian Information Solutions, Inc. ("Experian") is a credit reporting agency as contemplated by the Fair Credit Reporting Act, 15 U.S.C. 1681 *et seq.*

    c. Trans Union, LLC ("Trans Union") is a credit reporting agency as contemplated by the Fair Credit Reporting Act, 15 U.S.C. 1681 *et seq.*

    d. Ocwen Loan Servicing, LLC ("Ocwen") is a furnisher of information as contemplated by the Fair Credit Reporting Act ("FCRA")15 USC §1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

    e. Selene Finance, LP ("Selene") is a furnisher of information as contemplated by the Fair Credit Reporting Act ("FCRA")15 USC §1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

**General Factual Allegations**

7. Mr. Ware obtained his consumer disclosure from Defendant Experian on November 16, 2015.

8. Mr. Ware obtained his consumer disclosure from Defendant Equifax on November 16, 2015.

9. Mr. Ware again obtained a tri-merge consumer report from Experian on August 22, 2016, which was a merged report reflecting reporting by Defendants Experian, Equifax, and Trans Union.

10. The reports contained inaccurate information relating to a Selene and Ocwen account.

11. Ocwen was the mortgage servicer for Mr. Ware's and Antoinette Ware's (Mr. Ware's wife) home, wherein only Antoinette Ware was the borrower.

12. Selene took over the servicing of the mortgage on or around September 16, 2015.

13. ABN AMRO Mortgage Group, Inc. was the original lender.

14. Selene's predecessor, Bank of America, filed a foreclosure action on the account in 2011.

15. The Muskegon Circuit Court entered a Judgment of Foreclosure in which it determined that Antoinette Ware was personally liable for the mortgage debt, but that Mr. Ware was not.

16. Despite the court's order and despite the fact that Mr. Ware was never a borrower on the mortgage, Defendants Selene and Ocwen continued to report the account to the Defendant consumer reporting agencies as it pertained to Mr. Ware.

**Factual Allegations Relative to the Equifax Consumer Report**

17. Mr. Ware obtained a copy of his consumer disclosure from Equifax on November 16, 2015.

18. Equifax's disclosures of Mr. Ware's file contained inaccurate information relating to an Ocwen Loan Servicing account.

19. Mr. Ware obtained his tri-merge consumer report on August 22, 2016.

20. The tri-merge report from August 22, 2016 was from Experian which showed that Equifax was reporting inaccurate credit information relating to the Ocwen account and the Selene account.

21. On September 26, 2016, Mr. Ware disputed Equifax's reporting of the Selene account, which was formerly serviced by Ocwen.

22. In his dispute letters to Equifax Mr. Ware provided a copy of the judgment of foreclosure from the Muskegon Circuit Court.

23. Equifax did not respond to Mr. Ware's dispute.

## Factual Allegations Relative to the Experian Consumer Report

24. Mr. Ware obtained a copy of his consumer disclosure from Experian on November 16, 2015.

25. Experian's disclosure of Mr. Ware's file contained inaccurate information relating to an Ocwen Loan Servicing account.

26. Mr. Ware obtained his tri-merge consumer report on August 22, 2016.

27. The tri-merge report from August 22, 2016 was from Experian which showed that Experian was reporting inaccurate credit information relating to the Ocwen account and the Selene account.

28. On September 26, 2016, Mr. Ware disputed Experian's reporting of the Selene account, which was formerly serviced by Ocwen.

29. In his dispute letter to Experian Mr. Ware provided a copy of the judgment of foreclosure from the Muskegon Circuit Court.

30. On October 22, 2016, Experian responded to Mr. Ware's dispute letter by verifying the Ocwen account as his.

### Factual Allegations Relative to the Trans Union Consumer Report

31. Mr. Ware obtained his tri-merge consumer report on August 22, 2016.

32. The tri-merge report from August 22, 2016 was from Experian which showed that Trans Union was reporting inaccurate credit information relating to the Ocwen Loan Servicing account and the Selene Finance account.

33. On September 26, 2016, Mr. Ware disputed Trans Union's reporting of the Selene and Ocwen accounts.

34. In his dispute letter to Trans Union Mr. Ware provided a copy of the judgment of foreclosure from the Muskegon Circuit Court.

35. Trans Union did not respond to Mr. Ware's dispute.

### Factual Allegations Relative to Selene

36. On September 26, 2016, Mr. Ware also sent a dispute letter to Selene regarding the inaccurate information it was supplying to the defendant consumer reporting agencies.

37. In his letter to Selene, Mr. Ware explained that he was not a debtor or borrower on the loan because he never signed the promissory note and that he was not personally liable for the debt.

38. Mr. Ware also provided Selene a copy of the judgment of foreclosure from the Muskegon County Circuit Court.

### COUNT I– FCRA, 15 U.S.C. § 1681 *et seq*. (Trans Union, Equifax, and Experian)

39. Mr. Ware incorporates the preceding allegations by reference.

40. Defendants prepared one or more consumer reports relating to Mr. Ware.

41. Those consumer reports contained inaccurate information.

42. Defendants failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Mr. Ware contained within those reports, as required by the FCRA, 15 U.S.C. § 1681e(b).

43. Mr. Ware requested reinvestigation of inaccurate credit information maintained by Defendants within his credit file.

44. Defendants failed to conduct a proper investigation in Mr. Ware's credit reporting disputes as required by 15 U.S.C. § 1681i.

45. Defendants' violations of the FCRA were negligent and caused harm to Mr. Ware in violation of 15 U.S.C. §§ 1681e(b), 1681i and 1681o; alternatively Defendants' violation of the FCRA were willful in violation of 15 U.S.C. §§ 1681e(b), 1681i and 1681n.

46. Mr. Ware has suffered damages as a result of these violations of the FCRA.

### **COUNT II- FCRA, 15.U.S.C. § 1681 *et seq*. (Ocwen and Selene Finance)**

47. Mr. Ware incorporates the preceding allegations by reference.

48. Ocwen is a furnisher of information as contemplated by the FCRA, 15 U.S.C. § 1681 *et. seq.*, that regularly and in the ordinary course of business furnish information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

49. Selene is a furnisher of information as contemplated by the FCRA, 15 U.S.C. § 1681 *et. seq.*, that regularly and in the ordinary course of business furnish information to one or

more consumer reporting agencies about consumer transactions or experiences with any consumer.

50. Defendants Trans Union, Equifax and Experian forwarded notices of Mr. Ware's disputes to Ocwen and Selene after Mr. Ware's September 26, 2016 dispute letters to the credit reporting agencies.

51. Ocwen and Selene received those notices.

52. Ocwen and Selene falsely verified the information in relation to Mr. Ware.

53. Ocwen and Selene furnished erroneous information about Mr. Ware and failed to conduct a reasonable investigation in relation to Mr. Ware.

54. Ocwen and Selene negligently violated the FCRA, 15 U.S.C. §§ 1681s-2 and 1681o; alternatively, Ocwen and Selene willfully violated the FCRA, 15 U.S.C. §§ 168s-2 and 1681n.

## COUNT III – Special Claim for Declaratory and/or Injunctive Relief under Common Law
## (All Defendants)

55. Mr. Ware incorporates the preceding allegations by reference.

56. Defendants continue to maintain inaccurate information relating to the disputed account in their files on Mr. Ware.

57. Consequently, the consumer reports which Defendants prepare relating to Mr. Ware contain the disputed information and are inaccurate.

58. Likewise, each has consumer credit score prepared from that consumer file and reflects a score which is adversely affected by the disputed account which is inaccurately maintained and reported by Defendants.

59. Mr. Ware continues to do business with entities which have need of his consumer report, including various revolving credit card issuers and insurance companies, each of whom establishes pricing for the services desired by Mr. Ware based upon credit scores calculated from the disputed account which is inaccurate.

60. Mr. Ware is entitled to a declaration that the disputed account information is inaccurate, thereby enabling Mr. Ware to explain to his creditors and insurers that the information in question is inaccurate and should not be relied upon when determining the price at which services will be made available to him.

61. Mr. Ware is entitled to an injunction prohibiting the further dissemination of the disputed account information by which is inaccurate.

## Jury Demand

62. Mr. Ware demands trial by jury.

## Request For Relief

63. *ACCORDINGLY Mr. Ware requests that the Court Grant any or all of the following relief:*

    a. *Actual damages for items including emotional distress, mental anguish, frustration, humiliation, and embarrassment.*

    b. *Statutory damages in an amount to be determined at trial.*

    c. *Punitive damages in an amount to be determined at trial.*

    d. *Costs and attorney fees provided by statute.*

    e. *Declaratory and injunctive relief as appropriate.*

    f. *Any other relief the Court deems just.*

        Respectfully Submitted,


        By:  s/ Priya Bali
        Priya Bali (P78337)
        LYNGKLIP & ASSOCIATES
        CONSUMER LAW CENTER, PLC
        24500 Northwestern Highway, Ste. 206
        Southfield, MI 48075
        PH: (248) 208-8864
        Priya@MichiganConsumerLaw.Com


        John Smith (P71368)
        LEGAL AID OF WESTERN MICHIGAN
        89 Ionia NW, Ste. 400
        Grand Rapids, MI 49503
        PH: (606) 774-0672
        jsmith@legaidwestmich.net

Dated:  November 7, 2017    Attorneys for Plaintiff