**UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JUAN WARE,

      Plaintiff,

vs.

EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION, LLC; OCWEN LOAN SERVICING, LLC; and SELENE FINANCE, LP,

      Defendants.

Case No. 17-cv-961

Hon. Paul L. Maloney

Magistrate Judge Ray Kent

**DEFENDANT OCWEN LOAN SERVICING, LLC'S
ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant, Ocwen Loan Servicing, LLC ("Ocwen"), by and through its undersigned counsel, and for its Answer to Plaintiff Juan Ware's ("Plaintiff") Complaint states:

**Jurisdiction**

1. All allegations and claims in this complaint stem from false and inaccurate credit reporting relating to Mr. Ware.

    **ANSWER:** Ocwen denies the allegations in paragraph 1 directed against Ocwen. Ocwen does not respond to any allegations directed against co-defendants Equifax Information Services, Inc., Experian Information Solutions, Inc., TransUnion, LLC and Selene Finance, LP (collectively, "co-defendants").

2. Mr. Ware brings this lawsuit under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

    **ANSWER:** The allegations in the Complaint speak for themselves. Further responding, Ocwen denies that it violated the FCRA.

3.  The claims presented under the FCRA present a federal question for purposes of 28 U.S.C. §1331.

    **ANSWER:** Ocwen admits the allegations in paragraph 3.

### Parties

4.  Juan Ware resides in Muskegon, Michigan.

    **ANSWER:** Ocwen lacks knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph 4 and therefore denies same.

5.  Juan Ware is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq* ("FCRA") at §1681a(c).

    **ANSWER:** The allegations in paragraph 5 contain legal conclusions and therefore

no response is required. To the extent an answer may be required, Ocwen admits that

Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

6.  The Defendants to this action are as follows:

    a.  Equifax Information Services, LLC ("Equifax") is a credit reporting agency as contemplated by the Fair Credit Reporting Act, 15 U.S.C. 1681 *et seq*.

    b.  Experian Information Solutions, Inc. ("Experian") is a credit reporting agency as contemplated by the Fair Credit Reporting Act, 15 U.S.C. 1681 *et seq*.

    c.  Trans Union, LLC ("Trans Union") is a credit reporting agency as contemplated by the Fair Credit Reporting Act, 15 U.S.C. 1681 *et seq*.

    d.  Ocwen Loan Servicing, LLC ("Ocwen") is a furnisher of information as contemplated by the Fair Credit Reporting Act ("FCRA")15 USC §1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

    e.  Selene Finance, LP ("Selene") is a furnisher of information as contemplated by the Fair Credit Reporting Act ("FCRA")15 USC §1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

    **ANSWER:** Ocwen admits only that it is a defendant named in this action and

furnishes information to the credit reporting agencies concerning residential mortgage

**loans. Further responding, Ocwen admits that Equifax Information Services, Inc., Experian Information Solutions, Inc., TransUnion, LLC and Selene Finance, LP are named defendants in this action, but does not respond to any of the allegations directed against them in paragraph 6.  Unless specifically admitted, Ocwen denies the remaining allegations in paragraph 6.**

### General Factual Allegations

7.   Mr. Ware obtained his consumer disclosure from Defendant Experian on November 16, 2015.

   **ANSWER:   Ocwen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 and therefore denies same.**

8.   Mr. Ware obtained his consumer disclosure from Defendant Equifax on November 16, 2015.

   **ANSWER:   Ocwen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 and therefore denies same.**

9.   Mr. Ware again obtained a tri-merge consumer report from Experian on August 22, 2016, which was a merged report reflecting reporting by Defendants Experian, Equifax, and Trans Union.

   **ANSWER:   Ocwen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 and therefore denies same.**

10.   The reports contained inaccurate information relating to a Selene and Ocwen account.

   **ANSWER:   Ocwen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 and therefore denies same.**

11.   Ocwen was the mortgage servicer for Mr. Ware's and Antoinette Ware's (Mr. Ware's wife) home, wherein only Antoinette Ware was the borrower.

   **ANSWER:   Ocwen admits only that it serviced a home loan obtained by Antionette Ware regarding the subject property, where both Plaintiff and Antoinette Ware**

3

**were parties to the mortgage. Further responding, Ocwen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 regarding whether Antionette Ware is Plaintiff's wife. Unless specifically admitted, Ocwen denies the remaining allegations in paragraph 11.**

12. Selene took over the servicing of the mortgage on or around September 16, 2015.

    **ANSWER:  Ocwen admits only that Selene began servicing the subject loan on or about September 8, 2015. Unless specifically admitted, Ocwen denies the remaining allegations in paragraph 12.**

13. ABN AMRO Mortgage Group, Inc. was the original lender.

    **ANSWER:  Ocwen admits the allegations in paragraph 13.**

14. Selene's predecessor, Bank of America, filed a foreclosure action on the account in 2011.

    **ANSWER:  Ocwen admits that Bank of America, N.A., Successor by Merger with LaSalle Bank Midwest, N.A. filed a foreclosure action in 2011 regarding the subject loan and mortgage and that Bank of America, N.A. serviced the loan before Selene. Unless specifically admitted, Ocwen denies the allegations in paragraph 14.**

15. The Muskegon Circuit Court entered a Judgment of Foreclosure in which it determined that Antoinette Ware was personally liable for the mortgage debt, but that Mr. Ware was not.

    **ANSWER:  Ocwen admits only that the Muskegon County Circuit Court entered a Judgment of Foreclosure on November 27, 2011, which ordered "that the Defendant Antionette J. Ware is personally liable for the mortgage debt."  Unless specifically admitted, Ocwen denies the allegations in paragraph 15.**

16. Despite the court's order and despite the fact that Mr. Ware was never a borrower on the mortgage, Defendants Selene and Ocwen continued to report the account to the Defendant consumer reporting agencies as it pertained to Mr. Ware.

**ANSWER:** Ocwen denies the allegations directed against it in paragraph 16. Answering further, Ocwen does not respond to the allegations directed against Selene in paragraph 16.

### Factual Allegations Relative to the Equifax Consumer Report

17. Mr. Ware obtained a copy of his consumer disclosure from Equifax on November 16, 2015.

    **ANSWER:** Ocwen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 and therefore denies same.

18. Equifax's disclosures of Mr. Ware's file contained inaccurate information relating to an Ocwen Loan Servicing account.

    **ANSWER:** Ocwen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 and therefore denies same.

19. Mr. Ware obtained his tri-merge consumer report on August 22, 2016.

    **ANSWER:** Ocwen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 and therefore denies same.

20. The tri-merge report from August 22, 2016 was from Experian which showed that Equifax was reporting inaccurate credit information relating to the Ocwen account and the Selene account.

    **ANSWER:** Ocwen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 and therefore denies same.

21. On September 26, 2016, Mr. Ware disputed Equifax's reporting of the Selene account, which was formerly serviced by Ocwen.

    **ANSWER:** Ocwen admits that it serviced the subject loan between August 1, 2012 and September 8, 2015, when Selene began servicing the loan. Ocwen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 21 and therefore denies same.

22. In his dispute letters to Equifax Mr. Ware provided a copy of the judgment of foreclosure from the Muskegon Circuit Court.

    **ANSWER:** **Ocwen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 and therefore denies same.**

23. Equifax did not respond to Mr. Ware's dispute.

    **ANSWER:** **Ocwen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 and therefore denies same.**

### Factual Allegations Relative to the Experian Consumer Report

24. Mr. Ware obtained a copy of his consumer disclosure from Experian on November 16, 2015.

    **ANSWER:** **Ocwen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 and therefore denies same.**

25. Experian's disclosure of Mr. Ware's file contained inaccurate information relating to an Ocwen Loan Servicing account.

    **ANSWER:** **Ocwen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 and therefore denies same.**

26. Mr. Ware obtained his tri-merge consumer report on August 22, 2016.

    **ANSWER:** **Ocwen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 and therefore denies same.**

27. The tri-merge report from August 22, 2016 was from Experian which showed that Experian was reporting inaccurate credit information relating to the Ocwen account and the Selene account.

    **ANSWER:** **Ocwen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 and therefore denies same.**

28. On September 26, 2016, Mr. Ware disputed Experian's reporting of the Selene account, which was formerly serviced by Ocwen.

**ANSWER:** Ocwen admits that it serviced the subject loan between August 1, 2012 and September 8, 2015, when Selene began servicing the loan. Ocwen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 28 and therefore denies same.

29. In his dispute letter to Experian Mr. Ware provided a copy of the judgment of foreclosure from the Muskegon Circuit Court.

**ANSWER:** Ocwen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 and therefore denies same.

30. On October 22, 2016, Experian responded to Mr. Ware's dispute letter by verifying the Ocwen account as his.

**ANSWER:** Ocwen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 and therefore denies same.

### Factual Allegations Relative to the Trans Union Consumer Report

31. Mr. Ware obtained his tri-merge consumer report on August 22, 2016.

**ANSWER:** Ocwen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 and therefore denies same.

32. The tri-merge report from August 22, 2016 was from Experian which showed that Trans Union was reporting inaccurate credit information relating to the Ocwen Loan Servicing account and the Selene Finance account.

**ANSWER:** Ocwen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 and therefore denies same.

33. On September 26, 2016, Mr. Ware disputed Trans Union's reporting of the Selene and Ocwen accounts.

**ANSWER:** Ocwen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 and therefore denies same.

34. In his dispute letter to Trans Union Mr. Ware provided a copy of the judgment of foreclosure from the Muskegon Circuit Court.

**ANSWER:** **Ocwen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 and therefore denies same.**

35. Trans Union did not respond to Mr. Ware's dispute.

**ANSWER:** **Ocwen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 and therefore denies same.**

### Factual Allegations Relative to Selene

36. On September 26, 2016, Mr. Ware also sent a dispute letter to Selene regarding the inaccurate information it was supplying to the defendant consumer reporting agencies.

**ANSWER:** **Ocwen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 and therefore denies same.**

37. In his letter to Selene, Mr. Ware explained that he was not a debtor or borrower on the loan because he never signed the promissory note and that he was not personally liable for the debt.

**ANSWER:** **Ocwen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 and therefore denies same.**

38. Mr. Ware also provided Selene a copy of the judgment of foreclosure from the Muskegon County Circuit Court.

**ANSWER:** **Ocwen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 and therefore denies same.**

**COUNT I– FCRA, 15 U.S.C. § 1681** *et seq.* **(Trans Union, Equifax, and Experian)**

**The allegations in Count I are not directed against Ocwen, and therefore no response is required. To the extent an answer is required, Ocwen denies the allegations.**

**COUNT II- FCRA, 15.U.S.C. § 1681** *et seq.* **(Ocwen and Selene Finance)**

47. Mr. Ware incorporates the preceding allegations by reference.

**ANSWER:** **Ocwen incorporates by reference its answers to the preceding paragraphs of the Complaint.**

8

48. Ocwen is a furnisher of information as contemplated by the FCRA, 15 U.S.C. § 1681 *et. seq.*, that regularly and in the ordinary course of business furnish information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

**ANSWER:  The allegations in paragraph 48 include legal conclusions and therefore no response is required.  To the extent an answer may be required, Ocwen admits that it provides information to the credit reporting agencies regarding home loan accounts serviced by Ocwen. Unless specifically admitted, Ocwen denies the remaining allegations in paragraph 48.**

49. Selene is a furnisher of information as contemplated by the FCRA, 15 U.S.C. § 1681 *et. seq.*, that regularly and in the ordinary course of business furnish information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

**ANSWER:  The allegations in paragraph 49 are not directed at Ocwen, and therefore no response is required.  To the extent a response is required, Ocwen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 and therefore denies same.**

50. Defendants Trans Union, Equifax and Experian forwarded notices of Mr. Ware's disputes to Ocwen and Selene after Mr. Ware's September 26, 2016 dispute letters to the credit reporting agencies.

**ANSWER:  Ocwen admits only that it received notice of Plaintiff's credit dispute from Experian in October 2016, but denies the remaining allegations against it in paragraph 50. Answering further, Ocwen does not respond to the allegations directed against Selene in paragraph 50.**

51. Ocwen and Selene received those notices.

**ANSWER:  Ocwen admits only that it received notice of Plaintiff's credit disputes in September 2016, but denies the remaining allegations against it in paragraph 51.**

**Answering further, Ocwen does not respond to the allegations directed against Selene in paragraph 51.**

52. Ocwen and Selene falsely verified the information in relation to Mr. Ware.

    **ANSWER:   Ocwen denies the allegations directed against it in paragraph 52. Answering further, Ocwen does not respond to the allegations directed against Selene in paragraph 52.**

53. Ocwen and Selene furnished erroneous information about Mr. Ware and failed to conduct a reasonable investigation in relation to Mr. Ware.

    **ANSWER:   Ocwen denies the allegations directed against it in paragraph 53. Answering further, Ocwen does not respond to the allegations directed against Selene in paragraph 53.**

54. Ocwen and Selene negligently violated the FCRA, 15 U.S.C. §§ 1681s-2 and 1681o; alternatively, Ocwen and Selene willfully violated the FCRA, 15 U.S.C. §§ 168s-2 and 1681n.

    **ANSWER:   Ocwen denies the allegations directed against it in paragraph 54. Answering further, Ocwen does not respond to the allegations directed against Selene in paragraph 54.**

### COUNT III – Special Claim for Declaratory and/or Injunctive Relief under Common Law (All Defendants)

55. Mr. Ware incorporates the preceding allegations by reference.

    **ANSWER:   Ocwen incorporates by reference its answers to the preceding paragraphs of the Complaint.**

56. Defendants continue to maintain inaccurate information relating to the disputed account in their files on Mr. Ware.

    **ANSWER:   Ocwen denies the allegations directed against it in paragraph 56. Answering further, Ocwen does not respond to the allegations directed against the co-defendants in paragraph 56.**

57. Consequently, the consumer reports which Defendants prepare relating to Mr. Ware contain the disputed information and are inaccurate.

    **ANSWER: Ocwen denies the allegations directed against it in paragraph 57. Answering further, Ocwen does not respond to the allegations directed against the co-defendants in paragraph 57.**

58. Likewise, each has consumer credit score prepared from that consumer file and reflects a score which is adversely affected by the disputed account which is inaccurately maintained and reported by Defendants.

    **ANSWER: Ocwen denies the allegations directed against it in paragraph 58. Answering further, Ocwen does not respond to the allegations directed against the co-defendants in paragraph 58.**

59. Mr. Ware continues to do business with entities which have need of his consumer report, including various revolving credit card issuers and insurance companies, each of whom establishes pricing for the services desired by Mr. Ware based upon credit scores calculated from the disputed account which is inaccurate.

    **ANSWER: Ocwen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 and therefore denies same.**

60. Mr. Ware is entitled to a declaration that the disputed account information is inaccurate, thereby enabling Mr. Ware to explain to his creditors and insurers that the information in question is inaccurate and should not be relied upon when determining the price at which services will be made available to him.

    **ANSWER: Ocwen denies the allegations directed against it in paragraph 60. Answering further, Ocwen does not respond to the allegations directed against the co-defendants in paragraph 60.**

61. Mr. Ware is entitled to an injunction prohibiting the further dissemination of the disputed account information by which is inaccurate.

    **ANSWER: Ocwen denies the allegations directed against it in paragraph 61. Answering further, Ocwen does not respond to the allegations directed against the co-defendants in paragraph 61.**

### Jury Demand

62. Mr. Ware demands trial by jury.

   **ANSWER:** No response is required to paragraph 62.

### Request For Relief

63. ACCORDINGLY Mr. Ware requests that the Court grant any or all of the following relief:

   a. Actual damages for items including emotional distress, mental anguish, frustration, humiliation, and embarrassment.

   b. Statutory damages in an amount to be determined at trial.

   c. Punitive damages in an amount to be determined at trial.

   d. Costs and attorney fees provided by statute.

   e. Declaratory and injunctive relief as appropriate.

   f. Any other relief the Court deems just.

**ANSWER:** Ocwen denies that Plaintiff is entitled to a judgment in his favor against Ocwen, that he is entitled to any of the relief requested in the Complaint from Ocwen, or is entitled to an award of any amount of money whatsoever from Ocwen. Ocwen does not respond to any allegations directed against the co-defendants in paragraph 63.

        Respectfully Submitted,

        OCWEN LOAN SERVICING, LLC

        By: */s/ Robert W. Brunner*
           One of its Attorneys

Jena Valdetero (IL: 6290948)
Robert W. Brunner (IL: 6203884)
BRYAN CAVE LLP
161 North Clark Street, Suite 4300
Chicago, Illinois  60601
(312) 602-5000
jena.valdetero@bryancave.com
robert.brunner@bryancave.com


Amy Sabbota Gottlieb
DICKINSON WRIGHT PLLC
2600 W. Big Beaver Road
Troy, Michigan  48084
(248) 433-7286
AGottlieb@dickinsonwright.com

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that on January 30, 2018, a true and correct copy of the foregoing *Answer* was served via the Court's electronic filing system upon counsel of record.

By: */s/ Robert W. Brunner*